

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN 53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site: www.wicourts.gov

## DISTRICT II

July 15, 2026

*To*:

Hon. J. Arthur Melvin III
Circuit Court Judge
Electronic Notice

Monica Paz
Clerk of Circuit Court
Waukesha County Courthouse
Electronic Notice

Mark W. Jeranek
Electronic Notice

Jennifer L. Russell
Electronic Notice

You are hereby notified that the Court has entered the following opinion and order:

2025AP1837      Sandra J. Long v. Jennifer L. Russell (L.C. #2024CV1040)

Before Gundrum, Grogan, and Lazar, JJ.

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Jennifer L. Russell appeals from a judgment entered after the circuit court ordered her to pay Sandra J. Long $6,764.04 plus attorney's fees following a bench trial for a property damage claim. Based upon our review of the briefs and Record, we conclude at conference that this case is appropriate for summary disposition. *See* WIS. STAT. RULE 809.21 (2023-24).[1] We affirm.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

## BACKGROUND

Anthony Mundschau and Jennifer Russell, who was an ex-romantic partner of Mundschau's, returned to Mundschau's home in the city of West Allis, Wisconsin, on the evening of December 31, 2022. The property is owned by Mundschau's mother, Sandra Long, but Mundschau lived there. Mundschau told Russell he did not want her on the property as she was agitated and intoxicated, but briefly allowed her to enter to use the restroom.

Once Russell entered the property, a verbal fight ensued between Russell and Mundschau, and Mundschau left the premises. After leaving the property, the West Allis Police Department called Mundschau about a disturbance complaint at the property. Mundschau returned to the property and found it in complete disarray, with multiple household appliances destroyed. The next morning, Long arrived at the property and personally observed the damage Russell caused to the home and helped her son attempt to put the property back in order.

Long and Mundschau initiated this civil case to recover damages from Russell's criminal behavior.[2] On December 23, 2024, Long moved for summary judgment against Russell. Ultimately, after the circuit court heard oral arguments, it denied Long's summary judgment motion. On June 3, 2025, the circuit court held a bench trial and found Russell liable for the property damage claim. It awarded Long $6,764.04 in compensatory damages, along with reasonable attorney fees. Based on "the evidence adduced at trial," the court dismissed Mundschau's claims with prejudice because he failed to appear at trial.

---

[2] Russell was criminally charged in Milwaukee County with one count of criminal damage to property and one count of disorderly conduct—domestic abuse. *State v. Russell*, Milwaukee County Circuit Court, 2023CM130. Russell eventually pled guilty to the charge of disorderly conduct—domestic abuse on September 21, 2023, and the charge of criminal damage to property was dismissed but read in.

On July 28, 2025, the circuit court entered a written order granting Long attorney's fees in the amount of $10,986.39, along with pre-judgment interest and other statutory costs. On September 2, 2025, the judgment was entered in the amount of $19,730.92. Russell now appeals.[3]

## DISCUSSION

On appeal, Russell raises five issues. Russell argues the circuit court erred in: (1) crediting Long's testimony; (2) dismissing Mundschau's claims and ruling solely on Long's claims; (3) denying Russell's motions for a new trial; (4) dismissing Russell's cost motions; and (5) awarding $10,986.39 in attorney's fees without statutory authority. We conclude that Russell failed to adequately develop any of her arguments and failed to provide this court with a trial transcript needed to determine whether the circuit court erred. Thus, she failed to meet her burden of proof, and we affirm the judgment.

As the appellant, it is Russell's burden "to demonstrate that the [circuit] court erred[.]" *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997). It is also her "responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing

---

[3] Long filed a timely motion asserting that Russell's appeal was frivolous and seeking costs. We deny the motion because it does not meet either one of the two necessary criteria: (1) the appeal was filed "in bad faith, solely" to harass or maliciously injure another party, or (2) "[t]he party … knew, or should have known, that the appeal … was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." WIS. STAT. § 809.25(3)(c)(1)-(2). Although we note that Russell's arguments were underdeveloped, requiring us to affirm the judgment, we are not convinced her arguments meet the frivolous standard.

material supports the [circuit] court's ruling.'" **State v. McAttee**, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted).

First, Russell fails to apply the facts of her case to the law she cites and fails to develop a sufficient legal argument to support any of her claims. In her brief, for each issue raised, Russell makes a conclusory statement and cites a case and/or statute without application or explanation. Every issue she raises is insufficiently developed. *See* **Clean Wis., Inc. v. PSC**, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 (stating that "[w]e will not address undeveloped arguments").

Second, Russell did not include the trial transcript that details the reasons for the circuit court's decision, or the necessary facts to establish her claim. As the appellant, it is Russell's burden "to demonstrate that the [circuit] court erred," **Seltrecht**, 214 Wis. 2d at 125, and provide a complete record for our review. **McAttee**, 248 Wis. 2d 865, ¶5 n.1. It is not our responsibility to develop arguments for a party, "and we will not abandon our neutrality" to do so for Russell. *See* **Industrial Risk Insurers v. American Eng'g Testing, Inc.**, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.

If the circuit court's reasons for ruling in Long's favor were erroneous, it is Russell's responsibility to show us what those reasons were—by providing a transcript from the trial where the court explained its reasons—and how they were erroneous under the law. Russell is unable to demonstrate that the circuit court erred because the court's reasons for ruling as it did are not included in the record. The court's decision is based on the evidence adduced at trial, and therefore Russell's failure to include the trial transcript on appeal is fatal to her claims. Every issue depends on a review of the transcript. When an appellant fails to provide us with a

transcript, "we presume that every fact essential to sustain the circuit court's decision is supported by the record." *Butcher v. Ameritech Corp.*, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546.

IT IS ORDERED that the judgment of the circuit court is summarily affirmed pursuant to WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*